United States District Court
Of the Central District Of ILLinois

Christopher EiNECKER
        Plaintiff (pro-se)

        V

Weyford Health Services employees
Dr. E.K, Nurse AshleyLopes, Nurse Jane Doe,
Nurse Janice (Mill c.c)
Dr. Dennis Jarson, P.A. Gerst,
Debbie ISAACS (Bigmuddy River C.C.))
            Defendants

Complaint

Case no. _____

NOW Comes, PRO-Se Plaintiff, Christopher EiNECKER #M20129
who presents the following Civil rights Complaint and Claim for Compensatory,
Declaratory and inJunctive relief as follows:

## I. Jurisdiction and Venue

1. This is a Civil Complaint authorized by 42 U.S.C section 1983 to redress
deprivation under color of state Law, of rights secured by the Constitution of the United States.
This court has Jurisdiction under 28 U.S.C section 1331 and 1343(a)(3), Plaintiff EiNECKER
Seeks Declaratory relief pursuant to 28 U.S.C Section 2201 and 2202 and injunctive relief
pursuant to 28 U.S.C. Section 2283 and 2284.

2. The Central District of Illinois is an appropriate venue under 28 U.S.C Section 1391(b)(2)
because it is where the events Giving rise to this Claim occured.

## II. Parties

3. Plaintiff, Christopher R. EiNECKER is and was At all times mentioned herein
a Prisoner of the State of ILLinois in the Custody of the ILLinois Department of corrections.
He is currently confined in Big Muddy River Correctional Center in INA, Illinois

Defendants

4. Defendant Dr.E K is and at all times mentioned in this complaint an employee of Wexford Health Services and held the position of Medical Director at Hill Correctional Center in Galesburg, Illinois. His Duty was to over see healthcare staff and treatment of Inmates.

5. Defendant Nurse Janice is and at all times mentioned in this Complaint an employee of Wex Ford health Services and held the position OF Nurse at Hill Correctional Center in Galesburg, Illinois.

6. Defendant Nurse Ashley lopes in and at all times mentioned in this Complaint an employee of Wexford Health services and held the position of nurse at Hill Correctional Center in Galesburg, Illinois.

7. Defendant Nurse Jane Doe is and at all times mentioned in this Complaint an employee of Wexford Health Services and held the Position of nurse at Hill Correctional Center in Galesburg, Illinois.

8. Defendant Debbie Isaacs is and at all times mentioned in this complaint an employee of Wexford Health services and held the Position of health care Administrator at Big Muddy River Correctional Center in INA, Illinois.

9. Defendant Dr. Dennis Larson is and at all times mentioned in this complaint an employee of Wexford Health Services and held the Position of Medical Doctor at Big Muddy River Correctional Center in Ina, Illinois

10. Defendant Gerst is and at all times mentioned in this Complaint an employee of Wexford Health Services and held the Position of Physicians Assistant at Big Muddy River Correctional Center in Ina, Illinois.

11. Each Defendant is sued individually and in his/her official capasity. At All times mentioned in this Complaint Each Defendant Acted under color of State Law.

Page 2 of 12

## III. Statement of Facts.

12. On June 19, 2019 Plaintiff woke up in extreme pain from a severe sore throat. By 7pm plaintiff's sore throat had manifested into a severe fever and Plaintiff had became extremely light headed. Plaintiff was also suffering from Blurred vision to the point plaintiff could not walk or see straight. Plaintiff also had a severe ear ache and had started vomiting.

13. Nurse Janice was conducting Pm med line when Inmate Antoine Jenkins on behalf of Plaintiff notified Nurse Janice of Plaintiff's medical emergency Due to plaintiff's inability to walk or see straight. Inmate Jenkins explained to nurse Janice of Plaintiff's symptoms and that Plaintiff could not move from the concrete Slab by the stairs on his own. Upon information and belief Nurse Janice informed Jenkins that she could not do anything Due to her conducting med-line and plaintiff should write a sick call slip And Give it to her.

14. Inmate Jenkins then helped Plaintiff fill out a Nurse sick call slip and hand it to her. Jenkins marked the top of the sick call slip Emergency. Inmate Jenkins Did this because plaintiff could not see well enough to write it on his own.

15. On June 21, 2019 Plaintiff was Still in Severe Pain and still had not Been called to health care. Plaintiff filled out another sick call slip, marked it emergency and put it in the marked health care box. Plaintiff had also told The officer on second shift on 3-Dwing of plaintiff's emergency and the officer refused to even call to health care to inform a nurse.

16. On June 22, 2019 Plaintiff again notified Correctional staff that plaintiff's ear ache was now so severe as to cause severe migraines causing plaintiff to be in severe pain and unable to walk and vomit during the migraine episodes. Correctional staff called health care who informed them to tell plaintiff plaintiff to turn in another sick call slip. Plaintiff then filled out a sick call for the 3rd time.

PAGE 3 of 12

17. On June 23, 2020 During the 7AM-3PM Shift Plaintiff notified LT. Lisa Williams of Plaintiff's severe pain And suffering and That it has been going on for 4 days and had still not been seen by healthcare. Lt. Williams Told Plaintiff to Fillout another sick call slip and Give it to her So she could turn it in personally. Plaintiff Also wrote 2 Grievances, 1 emergency and non-emergency Regarding not being seen By healthcare pursuant to I.D.O.C Policy. (A.D. 04.03.103 #6 (b)).

18. Later the same day during P.M. Chowline Plaintiff informed SGT Shotts and the officer who was working 3-D wing of Plaintiff's emergency Situation And that Plaintiff Still had not been seen by health care. SGt Shotts, Knowing of Plaintiff's health situation over the past 4 days and the Amount of pain Plaintiff has been in Due to Plaintiff being One of his second shift Workers, called health care. SGt Shotts then told Plaintiff to go to health care.

19. Upon Arrival to health care Nurse Jane Doe took Plaintiffs vitals and commented on Plaintiffs high temperature. Nurse Jane Doe then looked in Plaintiff's throat and noted Swelling + Postulates in back of Plaintiffs throat. Nurse Jane Doe Also looked into Plaintiffs Right ear and said how red + engorged it was. Nurse Jane Doe then Prescribed Plaintiff: Tylenol, Ibuprofen, Guaifenesin 200mg Tabs, and UD CCP Caffiene free tabs and told Plaintiff if they Don't work to Put back in for healthcare

20. On June 24, 2020 Plaintiff was called to healthcare Around 10am. Plaintiff was seen by Nurse Ashley Lopes. Plaintiff informed Nurse lopes That Plaintiff had been to health care The previous night + was given multiple medications. Nurse Lopes Asked who Plaintiff saw because the visit And prescribed medications had not been documented in Plaintiffs file. Plaintiff described what Nurse Jane Doe looked like. Nurse lopes left and when she returned she informed Plaintiff that she found out who Nurse Jane Doe was and that she filed an incident Report on Nurse Jane Doe

21, Nurse Lopes told me that Nurse June Doe claimed she did not document the visit so she did not have to charge Plaintiff for the visit. Nurse Lopes then Examined plaintiffs throat and stated their was redness, swelling and postulates. She told plaintiff it could be strep throat. Nurse Lopes then Examined plaintiffs Ears and notices the right ear was swollen and very red inside. Nurse lopes prescribed plaintiff to take 7 days of Amoxicillin and gave plaintiff a blister pack Containing 5 days worth and told plaintiff he would receive the other 2 days worth in a couple of days through med-pickup. Nurse lopes instructed plaintiff that if he was not feeling better in a couple days to put back in for Nurse sick call.

22. On June 25, 2019 Plaintiff received a response from counselor John Frost stating that the Chief Administrative Officer had determined plaintiffs Grievance to be Emergent And that the C.A.O was Forwarding the emergency Grievance to the Grievance Officer for Expedited review.

23. On June 26, 2019 After 3 days on the antibiotics Plaintiffs hearing was deteriorating so much that plaintiffs hearing in his right ear was Almost Completely gone. So per Nurse Lopes' instructions plaintiff dropped a sick call slip Due to plaintiffs condition getting worse. Plaintiff also still had not received the other 2 days of Antibiotic yet.

24, On June 28, 2019 Plaintiff finished the 5 days of Antibiotics he was Given. Plaintiff has now suffered complete hearing loss in his right ear. Plaintiff Still has not received the rest of the prescribed antibiotics.

25. On July 1, 2019 plaintiff was called to health care due to his June 26, 2019 sick call request again violating A.D.04.03.103#6(B). Plaintiff Was seen by Nurse Julie Plaintiff was weighed and had lost 11 lbs in 1week Due to not eating because of the pain in Swallowing Due to the severe sore throat. plaintiff told Nurse Julie that he believed the infection Was moving into his left ear because the pain had moved into his left ear as well.

Nurse Julie looked into Plaintiff's left ear and commented on the redness inside. Then Nurse Julie looked into Plaintiff's right ear and stated "wow, this one is really enyorged and red"

26. Nurse Julie then went to make a phone call upon Plaintiff telling her he had been prescribed Amoxicillin but was not given the whole 7 days. Upon completion of the phone call Nurse Julie came back and told Plaintiff she was prescribing him to 7 days of a different antibiotic called Augmentin. Plaintiff was given 7 days of Augmentin in a blister pack.

27. That evening Plaintiff during mail call received a response from Counselor John Frost the Grievance Officer regarding the Emergency Grievance Plaintiff filed on 6-23-19. Emergency Grievance found moot stating that "Requested Relief was Addressed prior to Report date." See Exhibit "i" along with final summary.

28. On July 2, 2019 Plaintiff was informed to "packout" due to being on the Transfer list for July 3, 2019. Plaintiff asked the property officer if Plaintiff could hold onto his Augmentin Medication. Officer Powell told Plaintiff that he could not take any medication on the transfer Bus. So Plaintiff put all his medications into his property box for transfer.

29. On July 3, 2019 Plaintiff arrived at Big Muddy River Correctional Center. Around 9 PM Plaintiff was called to medical for his transfer intake. Plaintiff was seen by Nurse Williams who conducted the intake. Plaintiff immediately asked Nurse Williams about his Augmentin as he had not had a dose since 7am. Plaintiff informed Nurse Williams of the severity of Plaintiffs Medical condition and of Plaintiffs loss of hearing in his right ear.

30. Nurse Williams told Plaintiff that the property officer will send any medications found in Plaintiffs box to healthcare and Plaintiff should receive his medications the next day and missing a couple doses won't hurt the effectiveness of the antibiotic. Nurse Williams did not examine Plaintiffs ears.

Page 6 of 12

Upon complaint during the intake process.

31. On July 4, 2019 Plaintiff was called to property to receive his property. Plaintiff asked the property officer about the medications and was told no medications would be in the property box per I.DOC. Policy. That all medications are sent to health care to be reissued. Plaintiff wrote health care that night asking for his antibiotics.

32. On July 5, 2019 Plaintiff woke up in severe pain due to the ongoing issues with Plaintiffs ears. Plaintiff wrote a sick call slip again asking for the antibiotics and pain medication.

33. On July 7, 2019 Plaintiff write an emergency grievance regarding all of the events so far regarding Plaintiffs serious medical condition and lack of adequate medical care. The grievance contained the issues of Plaintiff being prescribed on two seperate occasions and to two different antibiotics and was unable to finish either prescription due to the health cares systems lack of adequacy. Plaintiff to date had only been given pain medication one time despite continuous complaints of pain at every health care visit. Plaintiff was complaining of complete hearing loss in his right ear and extreme pain yet was in Big Muddy River C.C. for 4days with no examination or treatment.

34. On July 11, 2019 After 8 days without antibiotics and multiple notifications to health care via sick call requests complaining of complete hearing loss in right ear and severe pain plaintiff was finally sent to health care.

35. Plaintiff was seen by Nurse Jane Doe, name illegible on medical record, who inspected plaintiffs ears and noted " ℝ side redness noted, bulging TM Ⓛ side." Upon information and belief Nurse Jane Doe contacted the Doctor and then told Plaintiff to go back and sit and wait until the Doctor is ready.

36. Plaintiff was then seen by Dr. John Doe (name illegible on medical record.) Dr. John Doe looked into Plaintiffs ears and commented on the redness and

"Bulging TM!" Dr. John Doe Also Told Plaintiff there was fluid around the eardrum. Plaintiff Asked Dr. John Doe About the Antibiotics and he said that it had Already been 8 days Without them so he didn't see a need to reissue any. Dr. John Doe only prescribed plaintiff with 1 week of Tylenol.

37. On July 16, 2019 Plaintiff was called to health care TO TAKE a hearing test. Plaintiff could not hear anything in his right ear.

38. That night during mail call Plaintiff received the plaintiffs Grievance back with the CAIO'S signature Denying The Grievance as emergent Plaintiff then Filed the Grievance through the normal process on July 18, 2019 After making copies in the Law Library.

39. On August 20, 2019 I received via mail call Grievance #49-7-19 with Counselors response. Counselor Stated "Per HCUA, cannot Address issues that occurred at prior facility. Seen on NSC 7-11-19 for ear issue. Referred to MD same day. Orders for tylenol 325 mg 3x/day for 1 week." Plaintiff Plaintiff made copies in the law library on August 29, 2019 Then appealed Grievance to The Grievance officer.

40. Plaintiff still suffering from extreme pain in his right ear wrote health care on August 22, 2019 asking for more pain medications. Plaintiff was seen on August 24, 2019 at Nurse Sick call and was issued 3 days of tylenol. Per complaints Of Pain reaching a level 7-8 on a scale of 10 in his ear.

41. Plaintiff wrote a grievance on August 29, 2019 because he is only being prescribed tylenol in 3 day increments for A medical condition That Plaintiff has complained of Constant extreme Pain and hearing loss. On September 3, 2019 Plaintiff received a response saying it was forwarded to C.A.O for review. On September 6, 2019 C.A.O responded Denying Grievance as emergent And to turn in Grievance Through the normal channels.

PAGE 8 OF 12

42. On September 8, 2019 Plaintiff put in again for Nurse Sick call requesting more painmeds. Plaintiff was seen on September 11, 2019 and was given 3 days of tylenol.

43. On September 11, 2019 Plaintiff had received the Grievance officers response to Grievance # 49-7-19, plaintiff made copies and Appealed to Springfields Administrative review board on September 18, 2019. See Exhibit "2".

44. On September 25, 2019 Plaintiff wrote a nurse sick call slip for more pain meds. Plaintiffs request was ignored so Plaintiff wrote another Sick call request on October 15, 2019.

45. On October 18, 2019 Plaintiff was called to health care. plaintiffs complaints of severe pain again was only met with 3 days of tylenol.

46. On October 20, 2019 Plaintiff was called to healthcare for the Medical Doctor Line. Plaintiff saw Physicians Assisstant Gerst. P.A Gerst 3 1/2 months later finally prescribed plaintiff A prescription for Amoxicillin. Plaintiff was Given 10 days worth in a blister pack.

47. After completing the 10 days of Amoxicillin Plaintiff's consistant ear Pain finally Subsided. Plaintiff also regained some of his hearing Back. However upon information and belief Plaintiffs hearing had been irreperably damaged Due to the length of time untreated.

48. On November 25, 2019 Plaintiff was sent to St. Louis University Hospital to see the Audiologist. The Audiologist recommended a hearing Amplifier for Plaintiffs right ear. Dr. Larson Submitted plaintiff for approval for hearing aid.

49. On January 23, 2020 Plaintiff saw the health care Administrator Debbie ISAACS. She conducted an Auxillary Aids and services Assessment on Plaintiff. Debbie ISAACS Approved Plaintiff to receive A hearing impaired placard for the cell door and hearing impaired on Plaintiffs I.D. card.

50. On March 22, 2020 Plaintiff wrote a Grievance Due to not receiving his ADA Accomodations approved by HCUA Debbie ISSAcs.

51. On April 22, 2020 during the 7am-3pm Shift Plaintiff Received the Cell door placard and went to the Bureu of Identification to receive his ID with Hearing impaired Marked on the back. The next day on April 23, 2020 Plaintiff received the Grievance he wrote on March 22, 2020 Saying The Plaintiff ( "Communication plan was reviewed" And the "Appropriate Parties Notified to Issue The requested Items."

52. As of the writing of this complaint plaintiff Still has not received The hearing aid as recommended By the Audiologist in November 2019.

53. Therefore, Due to the Actions of The Named Defendants, Plaintiff has suffered from an unnecessary prologed exposure to extreme pain and irreparable Damage to Plaintiffs Right Ear that will require hearing aids and Care And maintenance for The rest of his life.

## IV. Litigation History

54. Plaintiff has not brought any other Lawsuits in state or Federal court dealing with the Same facts involved in this case.

55. Plaintiff has not brought any other law suits in federal court while In Corcerated

## V. Exhaustion of Administrative Remedies

56. Yes, There is a Grievance procedure available at my institution.

57. Yes, I have filed a Grievance concerning the facts relating to this Complaint.

58. Yes, The Grievance process is completed.

## II Legal Claims

59. Plaintiff realleges and incorporates by reference paragraphs 1-58.

60. Defendants inflicted unnesessary physical and emotional pain and suffering on Plaintiff. Defendents refused to follow Administrative policies resulting in the prolonged delays of medical care which if Given Appropriately would have saved plaintiffs severe pain + suffering and his hearing. Defendants, by Disobeying protocols Set forth by their employers Acted intentionally, Wantonly and with malice Toward Plaintiff. Defendants AS medical proffessionals Knew the risk of harm of Delaying Medical treatment and at times flatout refusing to provide proper treatment at all. As a result acted with Deliberate indifference to plaintiffs serious medical condition. The injuries plaintiff Sustained were a Direct result of the policies and practices of I.D.O.C and Wexford employee Defendants which resulted in Permenant hearing Damage and months of Severe pain to The plaintiff.

61. Plaintiff has no Adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be Irreperably injured by the conduct of the defendants unless this Court Grants the Declaratory and injunctive relief which the plaintiff seeks for his pain and Suffering.

## III. Prayer for Relief.

62. Wherefore, Plaintiff EINECKER Respectfully pray that this honorable Court Grant the following relief:

63. Issue a declaratory Judgement that the acts and omissions Described herein Violated plaintiff Eineckers rights Under the Constitution of the United States and the Eighth Amendment and;

64. Issue an Injunction requiring that Plaintiff is supplied with the proper hearing aid as recommended by the Audiologist.

65. Award Compensatory Damages in the Amount of $500,000 for the permanent injury and severe pain Plaintiff Einecker Suffered due to The Defendants violations and poor medical care.

66. Award Punitive damages in the amount of $100,000 against EACH Defendant Jointly and Severally for their individual parts in plaintiff's prolonged and unnecessary physical and emotional pain and suffering along with The permanent injury plaintiff sustained and;

67. Attorny Fees and Filing fees pursuant to 42 U.S.C. section 1988(b) and Grant any Other relief as it may Appear to the Court Plaintiff is entitled to.

Pursuant to 28 U.S.C. 1946 I declare under penalty of perjury that the foregoing is true and correct

Jury Trial Demanded

Respectfully
Submitted

$ Chris Einecker
#m27129

Chris Einecker

DATE: 2-24-20

PAIGE bl OF 12



J.B. Pritzker
Governor

Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: Einecker, Chris

ID#: M27129

Facility: Hill

7/17/19
Date

This is in response to your grievance received on **7/15/19**. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: **6/23/19**    Grievance Number: **EM-19-445**    Griev Loc: **Hill**

- ☐ Transfer denied by the Facility
- ☐ Dietary
- ☐ Personal Property
- ☐ Mailroom/Publications
- ☐ Assignment (job, cell)
- ☐ Commissary / Trust Fund
- ☐ Conditions (cell conditions, cleaning supplies, etc.)
- ☐ Disciplinary Report: Dated: _____ Incident # _____
- ☑ Other   Med: Offender claims he has been requesting medical treatment for earache and has not been seen as of 6/23/19.

Based on a review of all available information, this office has determined your grievance to be:

- ☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by
- ☐ Denied, in accordance with DR504F, this is an administrative decision.
- ☐ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ☐ Other: Moot. Offender seen on nurse sick call on 6/24/19.
- ☐ Denied as the facility is following the procedures outlined in DR525.
- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

FOR THE BOARD: _____ CONCURRED: _____

Dave White
Administrative Review Board

Rob Jeffreys
Acting Director   7/15/19

CC: Warden, Hill _____ Correctional Center
Einecker, Chris _____ , ID# M27129

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

3D50

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO OFFENDER'S GRIEVANCE

**Grievance Officer's Report**

| Date Received: 06/25/2019 | Date of Review: 28/2019 | Grievance # (optional): EM-19-445 |
|---|---|---|
| Offender: Chris Einekcer | | ID#: M27129 |

**Nature of Grievance:**
Medical Treatment

**Facts Reviewed:**
Offender Einecker M27129 (grievant) has filed this grievance dated 06/23/2019 regarding medical treatment. The CAO received and reviewed the grievance on 06/25/2019 and determined that it is emergent in nature. Attached to this grievance is a duplicate grievance, also dated 06/23/2019, that the grievant submitted for counselor response on the same date, and is will be combined with this emergency grievance for one response in compliance with D.R. 504, Subpart F.

Grievant states that he has been requesting medical treatment via the nurse sick call request, but he has not been called. He states that he is having a pain from an earache. His requested relief is to be seen by HCU as soon as possible.

Dr. Ek, Medical Director, responded on 06/27/2019 stating "Mr. Einecker was seen on NSC on 6/24/19 @ 1209 and was treated accordingly. Grievance w/o merit. EOR"

**Recommendation:**
Based upon a total review of all available information, this Grievance Officer is reasonably satisfied the offender has access to health care, that his requested relief was addressed prior to the report date and recommends no further action; grievance moot.

| John Frost, Correctional Counselor 2 | John Frost | Digitally signed by John Frost Date: 2019.06.28 14:21:53 -05'00' |
|---|---|---|
| Print Grievance Officer's Name | | Grievance Officer's Signature |

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

**Chief Administrative Officer's Response**

Date Received: 6-30-19  ☒ I concur  ☐ I do not concur  ☐ Remand

Action Taken:

Chief Administrative Officer's Signature     6-30-19

**Offender's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature     M27129     7-10-19

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

ETM-19-445

| Date: 6-23-19 | Offender: (Please Print) Chris EINECkoR | ID#: M29129 |
|---|---|---|

| Present Facility: Hill CC | Facility where grievance issue occurred: Hill CC |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property          ☐ Mail Handling          ☐ Restoration of Good Time          ☐ ADA Disability Accommodation
☐ Staff Conduct             ☐ Dietary               ☒ Medical Treatment                ☐ HIPAA
☐ Transfer Denial by Facility ☐ Other (specify):

☐ Disciplinary Report: ____/____/____          _____
                        Date of Report            Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):
As of this day I have not been called to Health care yet. I turned in a Emergency sickcall slip on wednesday June 19, 2019 to Nurse Janice of Med line. I could barely walk due to a Earache I had a severe fever + headache + was vomiting. I was told to drop a sickcall slip. Since then the sore throat, headache + Earache has not subsided. I dropped 3 more sickcall slips since one on 6-21-19 in the designated sickcall Box + 1 on 6-22-19 to nurse Janice again and one more to LT williams on 6-23-19. + am now losing my voice due to the sore throat + my Earache is causing searing pains that reach up to a 10 on the 1-10 pain scale. 10 being Extremely painful. All sickcall slips have

**Relief Requested:** I would like to Be seen By medical staff. A.S.A.P.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
☐ Check if this is a NOT an emergency grievance.

_____          M29129          6-23-19
Offender's Signature              ID#              Date

(Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) |
|---|

| Date Received: ____/____/____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response:

[stamp: Received JUN 2019 Grievance Office]

_____          _____          _____
Print Counselor's Name          Counselor's Signature          Date of Response

| **EMERGENCY REVIEW** |
|---|

Date Received: 6-28-19

[stamp: Received JUN 2019 Warden's Office]

Is this determined to be of an emergency nature?

☒ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____          6-28-19
Chief Administrative Officer's Signature          Date

Distribution: Master File; Offender          Page 1          DOC 0046 (1/2018)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

Housing Unit: _____ Bed #: _____

Been Ignored Resulting in my throat & Ears Getting Worse.

EMERGENCY

Housing Unit: _____  Bed #: _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

| Date: 6-23-19 | Offender: (Please Print) Chris EineckeR | ID#: M47169 |
|---|---|---|

| Present Facility: Hill CC | Facility where grievance issue occurred: Hill CC |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify): _____
- [ ] Restoration of Good Time
- [✓] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA

- [ ] Disciplinary Report: ____/____/____   _____
        Date of Report            Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer,** only if EMERGENCY grievance.
   **Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): As of 6-23-19 I have Not Been called to health care. Yet I waited in an Emergency Sick call slip on Wednesday June 19 2019 to nurse JAnice @ 9 pm med line. I could Barely walk due to a Severe Earache. I had a severe fever + headache + was vomiting. I was told to drop a sick call slip. Since then The Sore throat Headaches + Earaches have not subsided. I Dropped 3 more sick call slips since. One on 6-21-19 in the designated sick call Box one on 6-22-19 to Nurse Janice again and one more to Lt Williams on 6-23-19. I am now losing my voice Due to the Sore throat + my Earache is causing searing pains That Reach up to a 9/10 on the 1-10 pain scale. Its Being Extremely painful. All sick call slips have been ignored + sitting in my throat + Ears is Getting Even Worse.

**Relief Requested:** I would like to Be Seen By medical staff ASAP.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [✓] Check if this is NOT an emergency grievance.

_____   M47169      6 / 23 / 19
Offender's Signature            ID#          Date

(Continue on reverse side if necessary)

| | **Counselor's Response** (If applicable) | |
|---|---|---|
| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____   _____   ___/___/___
Print Counselor's Name       Counselor's Signature      Date of Response

| | **EMERGENCY REVIEW** | |
|---|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance<br>[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____   ___/___/___
Chief Administrative Officer's Signature      Date

*Exhibit "2"*

J.B. Pritzker
Governor

Rob Jeffreys
Acting Director

## The Illinois Department of Corrections



1301 Concordia Court. P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: Einecker, Christopher

ID#: M27129

Facility: Big Muddy

10/1/19
Date

This is in response to your grievance received on __9/23/19__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: 7/7/19       Grievance Number: 49-7-19       Griev Loc: Big Muddy

☐ Transfer denied by the Facility
☐ Dietary
☑ Personal Property
☐ Mailroom/Publications
☐ Assignment (job, cell)
☐ Commissary / Trust Fund
☐ Conditions (cell conditions, cleaning supplies, etc.)
☐ Disciplinary Report: Dated: _____ Incident # _____
☑ Other     Med: Wants adequate medical treatment for ear, throat and fever as of 7/3/19.

Based on a review of all available information, this office has determined your grievance to be:

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

☐ Denied, in accordance with DR504F, this is an administrative decision.

☑ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

☐ Other: _____

FOR THE BOARD: *Dave White*
Dave White
Administrative Review Board

CONCURRED: *Rob Jeffreys*
Rob Jeffreys
Acting Director

CC: Warden, Big Muddy _____ Correctional Center
Einecker, Christopher _____ , ID# M27129

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

49-7-19

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

RECEIVED

JUL 11 2019

| Date: 2-7-19 | Offender: (Please Print) Chris Finecvcr | ID#: md2lt9 |
|---|---|---|
| Present Facility: Big muddy River C.C. | Facility where grievance issue occurred: Hill CC + Big muddy River CC | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [✓] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [✓] Medical Treatment
- [ ] Other (specify):
- [ ] ADA Disability Accommodation
- [ ] HIPAA

- [ ] Disciplinary Report: ____/____/____
Date of Report    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

JUL 19 2019
CLINICAL SERVICES

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): On 6-24-19 I was called to Nurse sickcall. Regarding multiple sick call slips I turned in about my severe fever, sore throat, + severe earache. when Nurse Ashley she looked in my throat + said it looked like I could have strep throat. Then looked in my ears + said the earaches were because the infection was moving in to my ears from my throat. Nurse Ashley prescribed me for 9 days of Amoxicillin and Gave me 5 days worth at sick call. Nurse Ashley told me I would receive The other 2 days at Nursed pickup. I was told to start on 6-24-19 + did so Friday 6-28-19 I used the last of the antibiotic I was given. I put in for nurse sickcall stating I had not received the rest of my antibiotic. By this time my throat has not gotten any better + I had a complete loss of hearing in my

Relief Requested: To Be Given adequate medical treatment + medications for my ears ear to Get Checked for permanent Damage due to lack of adequate medical care. I want to see a specialist for my loss of hearing in my right ear + for the continuing pain in both ears.

[✓] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    md2lt9    7, 07, 19
Offender's Signature    ID#    Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**    RECEIVED

| Date Received: 7/19/19 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

AUG 08 2019
BIG MUDDY RIVER CC
GRIEVANCE OFFICE

Response: Per HCUA, cannot address issues that occurred at Hill. Offender was seen by NSC 7/1/19 for ear issue. Referred to MD same day. Order for Tylenol 325 mg 2 tabs/day for 1 week and declomine audio scale for 3 weeks and re-scot & completion 7/16/19. Seen by MD on 7/30/19 with referral to audio to be approved thru collegial review. Once approved the offender will be scheduled.

B. Sheutov    CC    _____    8/19/19
Print Counselor's Name    Counselor's Signature    Date of Response

---

**EMERGENCY REVIEW**

| Date Received: 7/11/19 | Is this determined to be of an emergency nature? | [ ] Yes: expedite emergency grievance [✓] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

_____    7/11/19
Chief Administrative Officer's Signature    Date

Distribution: Master File; Offender    Page 1    DOC 0046 (8/2012)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

Right Ear. I was called back to Nurse Sick Call on Monday July 1st 2019 &
Saw Nurse Julie. The infection had by now started moving into my left ear.
I had also lost 9 lbs due to the sore throat. The pain of swallowing was
preventing me from eating. on Monday July 1st The issue of my still sore
throat was not either addressed. Even though I told Nurse Julie I could not
Eat because of the sore throat spiking to a 10 out of 10 in pain when I swallow
and staying at a constant 7-8 out of 10. Nurse Julie only looked in my Ears
and said the left one was "Quite Red" & the right Ear she said "Wow, This
one is really Engorged." Then because of Hill CC's medical staffs failure to
provide me with my full Regimen of Amoxicillin Nurse Julie prescribed me to a
Different Antibiotic; The Generic for Augmentin. I took my doses for July 1st & 2nd
Due to a transfer to Bigmuddy River CC on July 3rd I could not continue as we are
"not allowed to take medication on the Bus." I was told this by CO Poxell. While Packing
within July 2nd in personal property. I saw The Big muddy River CC medical staff
The night of July 3rd as part of their Routine when Receiving New inmates to their
facility. I Advised The Bigmuddy River CC medical Employees who saw me
About my current Health Issues Regarding my throat, Earaches, loss of hearing, &
the Augmentin. Nurse Jane Doe told me that they would give me the Rest of
my Augmentin to finish up. I never Received it. I have Dropped a Nurse Sick Call
slip. ~~Advised that~~ The Bigmuddy River CC medical staff who saw me told
me my Antibiotic was still in my property so If they could not Get it to
me, When I get my property to Just finish the prescription & missing 3-4
Doses wont Affect the Effectiveness of the Antibiotic. When I Recieved my
property my medication was not in there. It is now July 7th & I currently have
had no Antibiotics for 5 days. My throat is still a constant pain of 9 of 10.
It hurts to swallow let alone eat I also still have no hearing in my
Right Ear & pain in Both Ears causing searing headaches. It has been 18
Days since Initially Getting sick & Dropping my first of Many sick call slips as
Advised by Nurse Janice in Hill CC. I have not Received proper medical Attention.
By means of a throat culture or Being seen by a Doctor or By Getting through
an Extra Regimen of Antibiotics. This is not Right & needs to be Addressed
~~Passed.~~ Immediately. *EOS*

4:20-cv-04165-MMM  # 1   Page 21 of 21

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

*Rec 33*

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: 08/30/2019 | Date of Review: 08/30/2019 | Grievance # (optional): 49-7-19 |
| Offender: Chris Einecker | | ID#: M27129 |

**Nature of Grievance:**

Offender complaining of medical treatment received for ears & throat.

**Facts Reviewed:**

Offender Chris Einecker M27129 claims he was seen for NSC on 6/24/19 at another facility. He had symptoms of fever, sore throat & earache. He states he was given antibiotic & was to get more. He transferred to BMRCC on 7/3/19.

Relief Requested: To be given adequate medical treatment & medications, for hearing to get checked for permanent damage due to lack of adequate medical care. I want to see a specialist for my loss of hearing in my right ear & for the continuing pain in both ears.

Per Counselor Shelton, the HCUA states we cannot address issues that occurred at previous facility. Offender was seen on NSC 7/11/19 for a complaint of ear issues, was referred to the MD and was seen the same day. An order was written for Tylenol 325mg 3 times per day for one week and a bilateral audioscope for hearing, with F/U on MDSC after audioscope. Audioscope was completed on 7/16/19. The offender was seen by the MD on 7/30/19 with a referral to see an audiologist. Once approved through Collegial Review, the offender will be scheduled.

All A.D.'s, I.D.'s and local policies and procedures have been followed. The medical record shows the offender has ongoing treatment for his condition.

**Recommendation:**

Based upon total review of all available information, this Grievance Officer recommends this grievance be denied.

Jody Zellers, CCII

_____
Print Grievance Officer's Name

*(Attach a copy of Offender's Grievance, including counselor's response if applicable)*

_____
Grievance Officer's Signature

| Chief Administrative Officer's Response | | |
|---|---|---|
| Date Received: 9/9/19 | ☑ I concur   ☐ I do not concur   ☐ Remand | |

**Action Taken:**

_____
Chief Administrative Officer's Signature

9/9/19
Date

| Offender's Appeal To The Director | | |
|---|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

_____
Offender's Signature

_____
ID#

_____
Date

Distribution: Master File; Offender      Page 1                                    DOC 0047 (Rev. 3/2019)

*Printed on Recycled Paper*